**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

PATRICIA LEE COOK,

Plaintiff,

v.

TRUIST FINANCIAL CORPORATION, *d/b/a Truist Bank*, and BWW LAW GROUP, LLC,

Defendants.

Civil Action No. TDC-23-2491

## MEMORANDUM ORDER

Self-represented Plaintiff Patricia Lee Cook has filed a civil action against Truist Financial Corporation ("Truist") and BWW Law Group, LLC ("BWW"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p (2018), and state common law claims in relation to Defendants' initiation of foreclosure proceedings, which are now completed, against Cook's residence in Middletown, Maryland. Upon review of the submitted materials, the Court finds that no hearing is necessary. D. Md. Local R. 105.6. For the reasons set forth below, the Motion will be GRANTED.

## BACKGROUND

On February 21, 2006, Cook and her late husband, Richard E. Cook, executed a deed of trust, in relation to a mortgage on a residential property in Middletown, Maryland (the "Property"), which identified Cook and her husband as the borrowers and Branch Banking and Trust Company ("BB&T") as the lenders. On January 22, 2020, the deed of trust was assigned from BB&T to Truist.

On October 12, 2021, Truist mailed a Notice of Intent to Foreclose to Cook. The Notice identified Cook as in default on her debt obligations to Truist under the deed of trust and demanded the full payment of $83,628.75 to cure the default.

On January 4, 2022, foreclosure proceedings were initiated on behalf of Truist by a substitute trustee, Carrie M. Ward of BWW, against Cook and her husband in the Circuit Court for Frederick County, Maryland ("the Circuit Court"). *See* Maryland Judiciary Case Search, *Ward v. Cook*, No. C-10-CV-22-000006 (Frederick Cnty. Cir. Ct.), *available at* https://casesearch.courts.state.md.us (last visited May 13, 2024). On December 9, 2022, the Circuit Court entered a judgment for possession of the property. *See id.* On February 9, 2023, Cook filed an Application for a Temporary Restraining Order and Preliminary Injunction in which she requested a stay of eviction and a review of the judgment for possession of the property. On February 10, 2023, the Circuit Court denied Cook's application, after which Truist secured possession of the Property on February 13, 2023.

On September 12, 2023, Cook filed her Complaint in this Court against Truist and BWW in which she has asserted claims of a violation of the FDCPA, negligence, fraud, slander of title, and rescission arising from the Notice of Intent to Foreclose. These claims are premised on Cook's allegation that Truist has not established that it is the valid holder of the mortgage note and the beneficiary of the deed of trust, such that it had the right to seek to collect the debt and the right to take possession of the Property. She seeks a declaratory judgment that the foreclosure of the Property is void, quiet title relating to the Property, and damages for the violation of the FDCPA. On March 29, 2024, the Court granted a request by Cook for leave to file an amended complaint. Cook, however, did not file an amended complaint by the stated deadline.

Finally, at a February 14, 2024 Case Management Conference, the Court determined that BWW had not been properly served and directed Cook to serve BWW with the summons and the Complaint. Specifically, in its subsequent February 16, 2024 Order, the Court directed Cook to first submit a summons form to the Clerk of the Court for signature and seal and then, upon receipt of the summons, to serve a copy of the summons and the Complaint on BWW within 30 days of the date of the Order. Cook was forewarned that the failure properly to serve BWW may result in dismissal of her claims against BWW without prejudice. Cook, however, did not submit a summons form to the Clerk for issuance of the summons. Although she later submitted a proof of service form, it did not state that the summons was served along with the Complaint, and the Court finds that it cannot establish valid service because of the lack of a properly issued summons. *See* Fed. R. Civ. P. 4(b). Because Cook has not properly served BWW, her claims against BWW will be dismissed.

## DISCUSSION

In its Motion to Dismiss, Truist argues that Cook's claims are barred by *res judicata* because Cook had the opportunity to litigate the present claims during the foreclosure proceedings in the Circuit Court. In particular, Truist asserts that Cook voluntarily appeared in the foreclosure proceedings and challenged the foreclosure sale on the same or similar grounds asserted here such that she is now barred from re-litigating the present claims in this Court.

### I. Legal Standards

To defeat a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal

conclusions or conclusory statements do not suffice. *Id.* The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005).

Ordinarily, when deciding a motion to dismiss under Rule 12(b)(6), the Court considers only the complaint and any documents attached to that pleading. *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). However, courts may consider documents attached to a motion to dismiss "when the document is integral to and explicitly relied on in the complaint, and when plaintiffs do not challenge the document's authenticity." *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606-07 (4th Cir. 2015) (quoting *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2003)). Courts may also consider facts and documents subject to judicial notice, such as those arising in another judicial proceeding, without converting a motion to dismiss into a motion for summary judgment. Fed. R. Evid. 201(b)(2); *Andrews v. Daw*, 201 F.3d 521 n.1 (4th Cir. 2000). Accordingly, the Court will consider, as integral to the complaint or subject to judicial notice, the attachments to the Motion to Dismiss, which consist of the deed of trust, the assignment of the deed of trust, and Cook's Application for a Temporary Restraining Order and Preliminary Injunction filed in the Circuit Court. The Court will also take judicial notice of the docket entries in the foreclosure proceedings.

## II. *Res Judicata*

Truist argues that based on the foreclosure proceedings in the Circuit Court, Cook's are precluded based on *res judicata*. The doctrine of *res judicata*, sometimes referred to as claim preclusion, provides that "a judgment between the same parties and their privies is a final bar to any other suit upon the same cause of action, and is conclusive, not only as to all matters that have

been decided in the original suit, but as to all matters which with propriety could have been litigated in the first suit." *Prince George's Cnty. v. Brent*, 995 A.2d 672, 677 (Md. 2010) (quoting *MFC, Inc. v. Kenny*, 367 A.2d 486, 488-89 (Md. 1977)). *Res judicata* has three elements: "(1) the parties in the present litigation are the same or in privity with the parties to the earlier litigation; (2) the claim presented in the current action is identical to that determined or that which could have been raised and determined in the prior litigation; and (3) there was a final judgment on the merits in the prior litigation." *Spangler v. McQuitty*, 141 A.3d 156, 175 (Md. 2016) (quoting *Cochran v. Griffith Energy Servs., Inc.*, 43 A.3d 999, 1002 (Md. 2012)).

Under Maryland law, a foreclosure proceeding against property may still include judgments with preclusive effect if the mortgagor "voluntarily appears" in the case and there are "judgments in the form of rulings on exceptions to the sale." *Fairfax Sav., F.S.B. v. Kris Jen Ltd. Partnership*, 655 A.2d 1265, 1272 (Md. 1995). In the Circuit Court, Cook voluntarily filed an objection to the foreclosure in the form of an Application for a Temporary Restraining Order and a Preliminary Injunction, which was denied. Thus, the Circuit Court's resolution of the foreclosure proceedings may have preclusive effect.

Turning to the elements of *res judicata*, first, the parties in this case are the same or in privity with the parties in the foreclosure proceedings. Cook was a named defendant in those proceedings. Because the foreclosure proceedings were initiated by a member of BWW who had been appointed by Truist as a substitute trustee, Truist is in privity with the plaintiff in the foreclosure proceedings. *See Proctor v. Wells Fargo Bank, N.A.*, 289 F. Supp. 3d 676, 683 (D. Md. 2018) (finding privity among servicers, lenders, and substitute trustees where they share "the same right to foreclose on the [subject] mortgage").

Second, Cook's claims in the present action were or could have been litigated in the prior action. All of Cook's claims, including the FDCPA, fraud, negligence, slander of title, and rescission claims, are based on Cook's challenge to the validity of Truist's position that was the holder of the debt and had a right to foreclose on the Property and thus arise from the "same transaction or occurrence" as the foreclosure proceedings. *See Proctor*, 289 F. Supp. at 684 (finding, under *res judicata*, that a note, deed of trust, and subsequent state foreclosure action against the plaintiff constituted the "same transaction or occurrence" as the plaintiff's claims under the FDCPA and state law that the foreclosure was "litigated without authority"). Thus, all of Cook's claims were or could have been asserted in Cook's prior Application for a Temporary Restraining Order and a Preliminary Injunction, in which she in part alleged negligence and fraud in relation to the validity of the mortgage and Truist's participation in the foreclosure.

Lastly, the foreclosure proceedings in the Circuit Court have concluded in a final judgment on the merits. Cook's application for relief in the Circuit Court was denied, the foreclosure proceeding was completed, and the case was closed. Accordingly, Cook's claims are barred by *res judicata*, and her case will be dismissed.

**CONCLUSION**

For the foregoing reasons, it is hereby ORDERED that:

1. Defendant BWW Law Group, LLC is dismissed from this action.
2. Defendant Truist Financial Corporation's Motion to Dismiss, ECF No. 14, is GRANTED, and all claims against Truist are dismissed.
3. The Clerk shall close this case.

Date: May 14, 2024

THEODORE D. CHUANG
United States District Judge